# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
12/28/2020
CT Log Number 538799090

**TO:**   Erik Podbutzky
Transworld Systems Inc.
500 Virginia Dr Ste 514
Fort Washington, PA 19034-2707

**RE:**   **Process Served in New Jersey**

**FOR:**   Alltran Financial, LP  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BRETT BYARS, PLTF. vs. ALLTRAN FINANCIAL, L.P., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # UNN00415720 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/28/2020 at 10:37 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/28/2020, Expected Purge Date: 01/02/2021 |
| | Image SOP |
| | Email Notification,  Erik Podbutzky  lawsuits@tsico.com |
| | Email Notification,  Mosley Allen  mosley.allen@alltran.com |
| | Email Notification,  Richard Drezek  legal.review@tsico.com |
| | Email Notification,  James Schultz  jschultz@sessions-law.biz |
| | Email Notification,  Lori Schmitt  lschmitt@sessions.legal |
| | Email Notification,  Diana Orellana  dorellana@sessions.legal |
| | Email Notification,  Donielle Lambert  dlambert@sessions.legal |
| | Email Notification,  Marie Carter  marie.carter@ursi.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  2 / WL

 **CT Corporation**

**Service of Process Transmittal**
12/28/2020
CT Log Number 538799090

**TO:**   Erik Podbutzky
Transworld Systems Inc.
500 Virginia Dr Ste 514
Fort Washington, PA 19034-2707

**RE:**   **Process Served in New Jersey**

**FOR:**   Alltran Financial, LP  (Domestic State: TX)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

## SUMMONS

Attorney(s) Alla Gulchina

Office Address  150 Morris Avenue, 2nd Floor

Town, State, Zip Code  Springfield, NJ 07081

Telephone Number  973-379-7500

Attorney(s) for Plaintiff Brett Byars

BRETT BYARS,

_____
        Plaintiff(s)

    vs.

ALLTRAN FINANCIAL, L.P.

_____
        Defendant(s)

## Superior Court of New Jersey

Union ☑ County

Law      Division

Docket No: UNN-L-004157-20

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                        s/ Michelle M. Smith
                                        Clerk of the Superior Court
                                        by Alla Gulchina, a New Jersey attorney at law

DATED:  12/15/2020

Name of Defendant to Be Served:  Alltran Financial, L.P.

Address of Defendant to Be Served:  Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Philip Stern
Andrew Thomasson
Alla Gulchina
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
(973) 379-7500

*Attorneys for Plaintiff, Brett Byars*

| | |
|---|---|
| BRETT BYARS, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  *vs.*<br><br>ALLTRAN FINANCIAL, LP,<br><br>       Defendant. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION–UNION COUNTY**<br><br>Civil Action<br><br>Docket No. UNN-L-_____-20<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND**<br>WITH CERTIFICATIONS PURSUANT TO *R.* 1:38-7 AND *R.* 4:5-1 |

Brett Byars, ("Plaintiff" or "BYARS"), individually and on behalf of all others similarly situated, by way of Complaint against Defendant, ALLTRAN FINANCIAL, ("Defendant" or "ALLTRAN"); says:

### NATURE OF THE ACTION.

1. This action stems from the ALLTRAN'S conduct when attempting to collect consumer debts in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

### PARTIES

2. Plaintiff is a natural person.

3. At all times relevant to this Complaint, Plaintiff was a citizen of the State of New Jersey, residing in Union County.

4. At all times relevant to the factual allegations of this Complaint, ALLTRAN was a for-profit corporation formed under the laws of the State of Texas.

5.     BYARS is informed and believes, and on that basis alleges, that ALLTRAN maintains its principal business address at 5800 North Course Drive, Houston, Texas.

6.     On information and belief, ALLTRAN can be served at this Registered Agent located at Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628.

## JURISDICTION AND VENUE.

7.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this judicial district, and because ALLTRAN regularly transacts business within this judicial district and, therefore, resides in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

## LEGAL BASES FOR FDCPA CLAIMS.

9.     The legal bases for the claims arising under the FDCPA are set forth in the attached Schedule "A".

## III. ALLEGATIONS OF FACT

10.     ALLTRAN regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

11.     ALLTRAN is in the business of collecting defaulted debts or alleged debts of natural persons.

12.     When attempting to collect debts, ALLTRAN uses the mails, telephone, internet, and other instruments of interstate commerce.

13.    ALLTRAN mailed, or caused to be mailed, a letter dated December 13, 2019 ("the Letter") to Plaintiff.

14.    A true and correct copy of the Letter is attached as *Exhibit A*, except that portions of the Letter are redacted.

15.    ALLTRAN asserted that Plaintiff incurred or owed a financial obligation ("Debt") to Credit One Bank N.A. which was then purchased by LVNV Funding, LLC.

16.    The Debt arose from one or more transactions which were for Plaintiff's personal, family, and household purposes.

17.    The Debt was placed with, obtained by or assigned to ALLTRAN for the purpose of collecting or attempting to collect the Debt.

18.    The Letter identified the "Account Balance" as $620.25.

19.    The heading of the Letter stated: "NOTICE OF COLLECTION AND SETTLEMENT OFFERS". (emphasis in original)

20.    The Letter offers BYARS with three settlement options: "1. Settle your account now in 1 lump sum payment of $434.18. This is a savings of 30% on your outstanding balance. 2. Extend your time and settle your account in 5 monthly payments of $82.70 and 1 monthly payment of $82.77. This is a savings of 20% on your outstanding balance. 3. Further extend your time and settle your account in 11 monthly payments of $46.52 and 1 monthly payment of $46.51."

21.    The letter continues by stating: "[t]o take advantage of this opportunity to settle your account, call Michael Kvistero at 866-511-6151. These offers are valid for at least 45 days from the date of this letter. If you wish to make a payment proposal after that time, or if you need additional time to respond to these offers, please call us to discuss it. We are not obligated to renew these offers."

22.     Upon receiving and reading the Letter, BYARS was uncertain as to the deadline of acceptance and payment of the settlement offers.

23.     The Letter did not clarify a specific deadline for which BYARS could potentially send a payment and it be considered on time.

24.     The Letter failed to state a deadline the payments would need to be sent or received for the settlement offer to be considered accepted, which impacted BYARS' ability to accept any of the settlement offers presented by ALLTRAN.

25.     The least sophisticated consumer is likely to be misled as to this material term regarding the settlement offers.

26.     The statement, "We are not obligated to renew these offers" is materially false, deceptive, and misleading because ALLTRAN is *always* obligated by the creditor to renew the offer stated in the Letter except when the creditor has recalled the account, or the consumer has sought bankruptcy protection.

27.     The statement, "We are not obligated to renew these offers" is a materially false statement because it influences the unsophisticated consumer's decision to pay the Debt.

28.     ALLTRAN's false and misleading statements that "we are not obligated to renew this offer" were materially false, deceptive, and misleading, because they influence the least sophisticated consumer's decision to accept one of the offers out of fear that they might not be renewed.

29.     The Letter deprived BYARS and other similarly situated New Jersey residents of non-misleading information in connection with ALLTRAN'S attempt to collect a debt.

## CLASS ALLEGATIONS

30.     Plaintiff brings this action individually and as a class action on behalf of all other persons similarly situated pursuant to *R.* 4:32.

31.     Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff defines the "Class," including the "Class Period," as set forth in the attached **Schedule "2"**.

32.     Subject to discovery and further investigation which may cause Plaintiff to modify the following definition of the "Class Claims" at the time Plaintiff moves for class certification, Plaintiff defines the Class Claims as set forth in the attached **Schedule "3"**.

33.     Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class, Class Claims, and the Class Period, seek class certification only as to particular issues as allowed under *R.* 4:32-2(d).

34.     The identity of each member of the Class is readily ascertainable from ALLTRAN's records.

35.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of *R.* 4:32-1(a) because there is a well-defined community interest in the litigation in that:

35.01.     *Numerosity.* Plaintiff is informed and believes, and on that basis alleges, that the members of the Class are so numerous that joinder of all members would be impractical.

35.02.     *Commonality.* Common questions of law and fact exist as to all members of the Class, the principal issues are whether ALLTRAN's letter violates the FDCPA (including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692(10), 1692f, and 1692f(1).

35.03.    *Typicality.* Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of ALLTRAN's common and uniform course of sending dunning letters to consumers with misleading and deceptive language with respect to presenting settlement offers that are open for at least forty-five (45) days without a deadline to pay and informing the consumer that "we are not obligated to renew these offers."

35.04.    *Adequacy.* Plaintiff will fairly and adequately protect the interests of the class members insofar as he has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

This action may be maintained as a "B1a-class", a "B2-class", a "B3-class", or a hybrid of any two or all three types however, at the time of commencing this action, Plaintiff expects to seek certification of a class under *R.* 4:32-1(b)(3) because:

(a)    the questions of law and fact common to members of the Class appear to predominate over any questions affecting an individual member; and

(b)    a class action would be superior to other available methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impracticable, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, an important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

## CAUSE OF ACTION FOR VIOLATIONS OF THE FDCPA

36.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

37.     ALLTRAN is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

38.     The Debt is a "debt" within the meaning of 15 U.S.C. §1692a(5).

39.     Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

40.     The Letter was an attempt to collect a "debt" within the meaning of 15 U.S.C. §1692a(5).

41.     The Letter violated the FDCPA in one or more of the following ways:

41.01.     Using false, deceptive, or misleading representations and/or means in connection with the collection of any debt, which constitutes a violation of 15 U.S.C. §1692e, including, but not limited to:

(A) Using any false, deceptive, or misleading representation or means in connection with the collection of any debt 15 U.S.C. § 1692e;

(B) Falsely representing the character, status or amount of the Debt in violation of 15 U.S.C. § 1692e(2)(A);

(C) Using a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and,

(D) Using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f, including, but not limited to, the attempt to collect an amount which is not expressly authorized by the agreement creating the debt or otherwise permitted by law in violation of 15 U.S.C. § 1692f(1).

Based on any one of those violations, ALLTRAN is liable to Plaintiff and the Class for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant,

ALLTRAN FINANCIAL, LP, as follows:

41.02.    An order certifying that the Cause of Action may be maintained as a class pursuant to *R.* 4:32 including defining the class, defining the class claims, and appointing Plaintiff as the class representative and the undersigned attorney as class counsel;

41.03.    An award of statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

41.04.    An award of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

41.05.    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

41.06.    For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

STERN•THOMASSON LLP
Attorneys for Plaintiff, Brett Byars

| | | |
|---|---|---|
| | | *s/ Philip D. Stern* |
| DATED: | December 14, 2020 | Philip D. Stern |
| | | *s/ Andrew T. Thomasson* |
| DATED: | December 14, 2020 | Andrew T. Thomasson |
| | | *s/ Alla Gulchina* |
| DATED: | December 14, 2020 | Alla Gulchina |

## CERTIFICATIONS PER R. 1:38-7 AND R. 4:5-1

As required by *R.* 1:38-7: "I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)." The term "confidential personal

identifiers" is defined by Rule 1:38-7(a).

As required by *R.* 4:5-1: I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action.

STERN•THOMASSON LLP
Attorneys for Plaintiff, Brett Byars

DATED:    December 14, 2020

*s/ Philip D. Stern*
Philip D. Stern

DATED:    December 14, 2020

*s/ Andrew T. Thomasson*
Andrew T. Thomasson

DATED:    December 14, 2020

*s/ Alla Gulchina*
Alla Gulchina

## DESIGNATION OF TRIAL COUNSEL PER R. 4:25-4

Pursuant to *R.* 4:25-4, Plaintiff designates Philip D. Stern, Andrew T. Thomasson and Alla Gulchina as trial counsel.

STERN•THOMASSON LLP
Attorneys for Plaintiff, Brett Byars

DATED:    December 14, 2020

*s/ Philip D. Stern*
Philip D. Stern

DATED:    December 14, 2020

*s/ Andrew T. Thomasson*
Andrew T. Thomasson

DATED:    December 14, 2020

*s/ Alla Gulchina*
Alla Gulchina

# SCHEDULE "1"
## LEGAL BASES FOR CLAIMS ARISING UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

***First.*** The FDCPA "covers conduct taken in connection with the collection of any debt." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240 (3rd Cir. 2014) (internal quotation marks omitted). The Act "was passed to promote ethical business practices by debt collectors." *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002). The Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) and 1692(b). Thus, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, ***and*** to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (internal quotes and ellipsis omitted; emphasis added); 15 U.S.C. § 1692(e).

***Second.*** The Act is not concerned with whether the consumer owes the debt. "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless,

"'[a] basic tenet of the Act is that *all* consumers, *even those who have mismanaged their financial affairs resulting in default on their debt*, deserve 'the right to be treated in a reasonable and civil manner.'" *FTC, supra*, 502 F.3d at 165 (emphasis added) quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

***Third.*** "Congress also intended the FDCPA to be self-enforcing by private attorney generals [sic]." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 91 (2d Cir. 2008); and, see, *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055 (9th Cir. 2011). "Thus, the FDCPA enlists the efforts of sophisticated consumers … as private attorneys general to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jensen v. Pressler and Pressler, LLP*, 791 F.3d 413, 419 (3rd Cir. June 30, 2015) (internal quotation marks omitted).

***Fourth.*** The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). In this way, "the FDCPA protects

all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). For example, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455. Furthermore, except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

**Fifth.**    The FDCPA creates no special exceptions for attorneys – even when that conduct falls within conduct traditionally performed only by attorneys. *Heintz v. Jenkins*, 514 U.S. 291 (1995). For example, there is no "litigation privilege" for debt collecting attorneys. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act." *Piper v. Portnoff Law Associates*, 396 F.3d 227, 232 (3d Cir. 2005). Indeed, "[a]buses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

**Sixth.**    Liability under the FDCPA arises upon the showing of a single violation. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2d Cir. 1993).

**Seventh.**    "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

**Eighth.**    Liability under the FDCPA is excused *only* when a debt collector establishes, as an affirmative defense, the illegal conduct was either "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," 15 U.S.C. § 1692k(c), or an "act done or omitted in good faith in conformity with any advisory opinion of the" Consumer Financial Protection Bureau, 16 U.S.C. § 1692k(e). Thus, common law privileges and immunities are not available to absolve a debt collector from liability under the FDCPA. See, *Heintz v. Jenkins*, 514 U.S. 21, (1995); *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3rd Cir. 2011); and *Sayyed v. Wolpoff & Abramson*, 485 F. 3d 236, 232-233 (4th Cir. 2007).

**Ninth.**    A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973). Indeed, Congress, through "the FDCPA[,] permits and encourages parties who have suffered no loss to bring civil actions for statutory violations." *Jacobson, supra,*

516 F.3d at 96 (emphasis added).

*Tenth.* The FDCPA also provides for class relief "capped" at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). "Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA." *Weiss, supra,* 385 F.3d at 345. Indeed, while limiting class relief, Congress nevertheless recognized the effectiveness of class actions to enforce the FDCPA and, therefore, mandated that a class action should be maintained "without regard to a minimum individual recovery." *Id.* When a debt collector opposes class certification based on its minimal or negative net worth, "there is a chance that no claims would proceed against Defendants due to a lack of financial incentive, thereby leaving unpunished allegedly thousands of FDCPA violations. This is exactly the kind of result Congress intended to avoid through the creation of the class action form." *Barkouras v. Hecker*, 2006 WL 3544585, 2006 U.S.Dist.Lexis 88998 (D.N.J. Dec. 8, 2006).

# SCHEDULE "2"
## CLASS DEFINITION

Excluding persons who, prior to the date this action is certified to proceed as a class action, either:

        (a) died,

        (b) obtained a discharge in bankruptcy,

        (c) commenced an action in any court against ALLTRAN alleging a violation of the Fair Debt Collection Practices Act,

        (d) signed a general release of claims against ALLTRAN, or

        (e) is a Judge assigned to this case or member of such Judge's staff or immediate family,

the "**Class**" is defined to consist of:

        Each natural person who received a dunning letter from Defendant on behalf of original creditor, Credit One Bank, N.A. with misleading and deceptive language with respect to presenting settlement offers that are open for at least forty-five (45) days without a deadline to pay and informing the consumer that "we are not obligated to renew these offers."
        during the Class Period in an attempt to collect on a Debt, where:

-     **"Class Period"** means the one-year period beginning on and including December 13, 2019 and ending on and including December 31, 2020;

## SCHEDULE "3"
## DEFINITION OF CLASS CLAIMS

All Claims arising under the Fair Debt Collection Practices Act based on or arising from

ALLTRAN's dunning letters.

# *Exhibit A*

## NOTICE OF COLLECTION AND SETTLEMENT OFFERS

Dear Brett Byars,

Your Credit One Bank N.A. account has been purchased by LVNV Funding LLC and placed with us for collection. We have been contracted for the recovery efforts of your delinquent account.

In an effort to resolve this matter we have been authorized to negotiate settlement terms on this account. Please review the following settlement opportunities to make resolution of your account a reality:

1. Settle your account now in 1 lump sum payment of $434.18. This is a savings of 30% on your outstanding balance.

2. Extend your time and settle your account in 5 monthly payments of $82.70 and 1 monthly payment of $82.75. This is a savings of 20% on your outstanding balance.

3. Further extend your time and settle your account in 11 monthly payments of $46.52 and 1 monthly payment of $46.51.

To resolve your debt online, please visit us at www.Alltransecurepay.com.

To take advantage of this opportunity to settle your account, call Michael Kvistero at 866 511 6151. These offers are valid for at least 45 days from the date of this letter. If you wish to make a payment proposal after that time, or if you need additional time to respond to these offers, please call us to discuss it. We are not obligated to renew these offers.

*This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.*

---

### CUSTOMER SERVICE AND PAYMENT INFORMATION

**Pay your bill online!**
Visit us at
www.Alltransecurepay.com

**TOLL FREE PHONE AND HOURS:**
866-511-6151
Mon-Tues - 8am-8pm, Wed - 8am-8pm
Thur-Fri - 8am-7pm, Sat - 8am-12pm

**SEND MAIL AND/OR PAYMENT TO:**
Alltran Financial, LP
P.O. Box 722901
Houston, TX 77272-2901

---

Please detach and return with payment in the enclosed envelope.                    R2N7

PO Box 1952
Southgate, MI 48195-0952

I authorize the following amount to be charged to my credit card shown. ☐ ☐ ☐ ☐

Cardholder name: _____ Exp. Date: _____

Account #: ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐

12/13/19

Amount $: _____ Signature: _____

File Number: 23311582   Account Balance: $620.25
Original Account #: XXXXXXXXXXX

Brett Byars

Kenilworth, NJ 07033-1905

**PLEASE SEND ALL CORRESPONDENCE TO:**

ALLTRAN FINANCIAL, LP
P.O. BOX 722901
HOUSTON, TX 77272-2901

Toll Free#: 866-511-6151
www.Alltran

# Civil Case Information Statement

| Case Details: UNION | Civil Part Docket# L-004157-20 |
|---|---|

| | |
|---|---|
| Case Caption: BYARS BRETT VS ALLTRAN FINANCIAL, L.P. | Case Type: TORT-OTHER |
| Case Initiation Date: 12/14/2020 | Document Type: Complaint with Jury Demand |
| Attorney Name: ALLA GULCHINA | Jury Demand: YES - 6 JURORS |
| Firm Name: STERN THOMASSON LLP | Is this a professional malpractice case?  NO |
| Address: 150 MORRIS AVE STE 205 | Related cases pending: NO |
| SPRINGFIELD NJ 07081 | If yes, list docket numbers: |
| Phone: 9733797500 | Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO |
| Name of Party: PLAINTIFF : Byars, Brett | |
| Name of Defendant's Primary Insurance Company (if known): None | Are sexual abuse claims alleged by: Brett Byars? NO |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/14/2020
Dated

/s/ ALLA GULCHINA
Signed